Hankook Tire Am. Corp v Samsung Fire & Mar. Ins. Co. Ltd. (U.S. Branch) (2022 NY Slip Op 00376)





Hankook Tire Am. Corp v Samsung Fire & Mar. Ins. Co. Ltd. (U.S. Branch)


2022 NY Slip Op 00376


Decided on January 25, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 25, 2022

Before: Gische, J.P., Webber, Mendez, Rodriguez, Pitt, JJ. 


Index No. 653948/15, 595622/17 Appeal No. 15145 Case No. 2021-00628 

[*1]Hankook Tire America Corp, Plaintiff-Respondent,
v
Samsung Fire & Marine Insurance Co. Ltd. (U.S. Branch) et al., Defendants-Appellants. [And a Third-Party Action.]


Chartwell Law, New York (Linda Fridegotto of counsel), for appellants.
Moritt Hock & Hamroff LLP, New York (James P. Chou of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered July 24, 2020, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for discovery sanctions to the extent of precluding defendants from offering evidence in support of any defense at trial or on any dispositive motion related to the same subject matter as the discovery that was demanded or ordered and not timely produced, including any discovery provided after April 16, 2019, and awarding plaintiff attorneys' fees and costs, unanimously affirmed, without costs.
Defendants failed to comply with numerous court orders and to rectify problems in producing documents. Therefore, the motion court providently exercised its discretion in precluding them from offering evidence as stated above and awarding plaintiff 50% of its claimed attorneys' fees and costs (see generally Metropolitan Bridge & Scaffolds Corp. v New York City Hous. Auth., 168 AD3d 569, 572 [1st Dept 2019]; see also e.g. Matter of Board of Mgrs. of the Legacy Condominium v Core Mgt. NY, LLC, 182 AD3d 420 [1st Dept 2020]). Plaintiff's motion for sanctions was not premature, as discovery remained outstanding despite multiple court orders, including the seventh status conference order, in which the court noted that the motion for sanctions remained pending. Nor is the order unclear and overbroad; it specifically addresses delayed evidence, including documents withheld as privileged for which defendants failed to seek a protective order (see Garcia v Defex, 59 AD3d 183, 183-84 [1st Dept 2009]), and further bars defendants from offering this evidence in connection with an affirmative defense.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 25, 2022